United States Court of Appeals
For the First Circuit

No. 97-2394

DAVID THOMAS,

Plaintiff, Appellant,

v.

SEARS, ROEBUCK & CO. AND STEVEN MOORE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lynch, Circuit Judge.

Mark S. Horrigan for appellant.
Guy P. Tully, with whom Joan Ackerstein and Jackson, Lewis,
Schnitzler & Krupman were on brief, for appellees.

May 8, 1998

Lynch, Circuit Judge. David Thomas worked for Sears,
Roebuck & Co. for twenty-seven years. Thomas performed well during
his career, and before the events in 1995 that led to this lawsuit
he was offered promotions to Sears corporate headquarters in
Illinois, which he declined for personal reasons. Thomas was
terminated from his position as the Sears Automotive District
Business Manager for the Boston District (Automotive District #285)
in 1996 during a restructuring of Sears' automotive business.
Thomas brought suit, claiming that the termination of his
employment was motivated by unlawful age discrimination and that
Sears defamed him. He also alleged that Steven Moore, a Sears
corporate headquarters employee, tortiously interfered with his
contract and advantageous relations with Sears. The district court
granted summary judgment in favor of both defendants. Finding no
error in the district court's judgment, we affirm.
We review the district court's grant of summary judgment
de novo, and view all facts in the light most favorable to Thomas,
drawing all reasonable inferences in his favor. See Aponte-Matosv. Toldeo-Davila, 135 F.3d 182, 186 (1st Cir. 1998). Summary
judgment is appropriate when the evidence shows "that there is no
genuine issue as to any material fact and that the moving party is
entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).
The plaintiff bears the "burden of proving that his years
were the determinative factor in his discharge, that is, that he
would not have been fired but for his age." Freeman v. Package
Mach. Co., 865 F.2d 1331, 1335 (1st Cir. 1988) (citations omitted). 
Once the plaintiff has established a prima facie case of age
discrimination, the burden shifts to the employer to articulate a
legitimate, nondiscriminatory reason for its decision. See St.
Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-7 (1993); Hidalgo v.
Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 334 (1st Cir.
1997). The plaintiff must then show that the employer's proffered
reason is a pretext for age discrimination. See Hicks, 509 U.S. at
515; Hidalgo, 120 F.3d at 335.
To avoid summary judgment, the plaintiff must "elucidate
specific facts which would enable a jury to find the reason given
[by the employer] was not only a sham, but a sham intended to cover
up the employer's real motive: age discrimination." Medina-Munozv. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990)
(citations omitted). This Thomas has failed to do. Assuming that
Thomas established a prima facie case, we agree with the district
court that the undisputed evidence shows that Thomas did not meet
his burden of showing he was fired as a result of age
discrimination.
Starting in 1993, Sears underwent a process of
reorganization which resulted in a newly-formed Sears Tire Group. 
There were fewer managerial positions in this new Group than in the
prior automotive organization. Accordingly, some people, including
Thomas, were laid off. Each manager was evaluated according to
neutral criteria. The criteria included the performance of the
district under that person's management. Points for twelve types
of "leadership skills" were assigned by both the home office
assessment team and by Sears personnel within the manager's
district. These points were added in a weighted average formula. 
The overall performance of the manager's district in 1993 and 1994
was converted into points and these points were added to the
leadership skills score to arrive at an overall score. Thomas
received low ratings on "change leadership skills," due to his
admittedly vocal and intense disagreement with the new Sears
business plan. His district also had not done well during the
period under review. Thomas' overall score was not high enough to
result in his retention.
To counter Sears' articulation of a non-discriminatory
reason, Thomas challenges the assessment methodology and points to
several statements. One statement is a comment attributed to
William McCall in September of 1995 that a number of people "had
been around for a long time" and when Sears reorganized there would
be a difference. That statement appears to have been literally
true. The other statements, attributed to Steven Moore, were that
Thomas "had been around too long" and "wasn't able to change," and
that Thomas' "days were numbered." Even if these remarks are,
dubitante, interpreted as age animus, Thomas still has not produced
sufficient evidence to meet his burden of showing that age
discrimination was the real reason for the termination of his
employment. See Hicks 509 U.S. at 515 ("[A] reason cannot be
proved to be 'a pretext for discrimination' unless it is shown both
that the reason was false, and that discrimination was the real
reason.").
In context, the inference of discrimination is, at best,
very weak, in light of Thomas' statement that he was outspoken in
his disagreement with Sears' change in business philosophy. 
Plaintiff in fact agreed that at least part of the motivation to
select him for layoff was his disagreement with the company's
change in business philosophy. Under such circumstances, a
criticism that someone is unable to change is not a coded allusion
cloaking age discrimination. This gives added weight to the usual
rule that stray comments are insufficient to meet the plaintiff's
burden in an ADEA case. See Mesnick v. General Elec. Co., 950
F.2d 816, 826 (1st Cir. 1991).
As to Thomas' defamation claims, we agree with the
district court that the purported defamatory statements were not
actionable and were protected by the employer's conditional
privilege. The claims of libel and slander arise out of comments
made in internal company feedback and deficiency memoranda that
were drafted after visits to Thomas' district, and a comment
attributed to an employee that Thomas was disloyal, a troublemaker
and negative on automotive issues. Under Massachusetts law, Sears'
internal business communications are protected by a conditional
business privilege. See Masso v. United Parcel Serv. of Am., Inc.,
884 F. Supp. 610, 621-22 (D. Mass. 1995). "'An employer has a
conditional privilege to disclose defamatory information concerning
an employee when the publication is reasonably necessary to serve
the employer's legitimate interest in the fitness of an employee to
perform his or her job.'" McCone v. New England Tel. & Tel. Co.,
471 N.E.2d 47, 51 (Mass. 1984) (quoting Bratt v. International Bus.
Mach. Corp., 467 N.E.2d 126, 129 (Mass. 1984)). There is no
evidence of reckless publication of the allegedly defamatory
statements and so there was no forfeiture of the conditional
privilege.
Thomas' tort claim for intentional interference with a
contractual or advantageous relationship also arises out of the
memoranda. This claim fails for several reasons. Because the
memoranda were within Sears' conditional business privilege, they
cannot support a claim of intentional interference. Moreover,
Thomas has not demonstrated that his supervisors acted out of an
improper motive or used improper means. See Walker v. Waltham
Hous. Auth., 44 F.3d 1042, 1049 n.1 (1st Cir. 1995) (requiring
improper motive, not concern for business interests, to be
demonstrated); King v. Driscoll, 638 N.E.2d 488, 494 (Mass. 1994)
("One of the elements of intentional interference with contractual
relations is improper motive or means on the part of the
defendant."). That Thomas and Moore had different views about how
to run the stores, as Thomas admits, does not establish malice, but
rather the contrary. Thomas has failed to produce any evidence
that his superiors acted out of anything but concern for what they
perceived to be Sears' legitimate business interests.
Thomas may well, and understandably, feel that his many
years of loyal service to Sears should have resulted in a different
end. But the law protects only against certain conduct and Thomas
did not prove his case.
Affirmed. Costs are awarded to appellees.